IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,            )<br>                                                   )<br>            Plaintiff/Respondent,  )<br>                                                   )<br>vs.                                              )<br>                                                   )<br>                                                   )<br>Juan Fernandez-Mendoza,       )<br>                                                   )<br>            Defendant/Movant.     )<br>_____) | No. CR-11-355-PHX-JAT<br>     CV-12-170-PHX-JAT (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the Court on Defendant Juan Fernandez-Mendoza's ("Movant") *pro se* Amended Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Doc. 4[1]) The United States ("Respondent") filed a Response, doc. 10, but Movant did not file a Reply and the time to do so has expired.

**I. Procedural Background**

On or about December 31, 2010, Movant was arrested by United States Border Patrol agents and, three days later, was charged via Complaint with Reentry of Removed Alien, a felony, in violation of 8 U.S.C. § 1326(a), and a sentencing enhancement pursuant to § 1326(b)(1). (CR doc. 1) An Amended Complaint was filed on January 13, 2011, which simply modified the port from which Movant was previously removed. (CR doc. 5)  On

---

[1] Citations to "CR doc. ___" are to the record in the underlying criminal matter, CR-11-355-PHX-JAT.  Citations to "Doc. ___" or "doc. ___" are to the record in CV-12-170-PHX-JAT (LOA), the civil case opened upon the filing of the Motion to Vacate.

February 24, 2011, Movant waived his right to proceed by indictment and Respondent filed an Information, charging Movant with the same crime alleged in the Amended Complaint. (CR doc. 11, 12) That same day, Movant entered into a written plea agreement with Respondent in which he pled guilty to Reentry of Removed Alien as alleged in the Information. (CR doc. 14, 20)

At the time of his arrest, Movant was on supervised release in the Southern District of California for a previous illegal reentry conviction. (CR-11-50035-PHX-JAT, doc. 1 at 4-7) On March 17, 2011, the Southern District of California transferred jurisdiction of the supervised release matter to the District of Arizona. (*Id.* at 1) On the same day, a Petition to Revoke Supervised Release was filed in the District of Arizona. (CR-11-50035-PHX-JAT, doc. 2)

**A.  Change-of-Plea Proceeding**

During the change-of-plea proceeding before Yuma Magistrate Judge James F. Metcalf, Movant admitted he was not a citizen or national of the United States and was removed from the United States through San Ysidro, California on April 23, 2010. (CR doc. 30 at 44) Movant further admitted that, without first obtaining the express consent of the United States Government, he voluntarily returned to the United States and was found at or near San Luis, Arizona on December 21, 2010. (*Id.* at 44-45) Movant also admitted, for sentencing purposes, he was convicted of Possession of Narcotic or Controlled Substance for Sale, a felony, on February 18, 1997, in the Los Angeles County Superior Court, State of California. (*Id.* at 45) Movant admitted he was represented by an attorney in that California case and was sentenced to 270 days in jail. (*Id.*) Finally, Movant admitted he was under the terms of supervised release for his conviction in the Southern District of California when Movant committed the present illegal reentry offense and the present offense constituted a violation of his supervised release. (*Id.*)

Before asking Movant for his guilty plea, Judge Metcalf inquired whether Movant reads, speaks and understands English. (CR doc. 30 at 9) Movant answered, "Yes, I do, correct." (*Id.*) Movant explained, however, that Spanish is his primary language, he spoke

to his attorney in both English and Spanish, and he understood everything his lawyer told him in English and Spanish. (*Id.*) Movant also explained he attended school in the United States from grades three to twelve and subsequently attended an adult school where he obtained his GED. (*Id.* at 8) Judge Metcalf further inquired whether Movant had enough time to fully and completely discuss his case with his attorney and whether he was satisfied with his attorney's representation of him in this case. (*Id.* at 13-14) Movant responded, "Yes" to both questions. (*Id.*) When asked whether there was anything Movant thought his attorney should do or wanted him to do that he had not done up to that point, Movant responded, "Everything['s] fine." (*Id.* at 14)

During the proceeding in Yuma, Movant stated he discussed the charge against him with his attorney and his attorney answered all of his questions about it. (CR doc. 30 at 15) Movant said he understood the charge. (*Id.* at 16) Movant further stated that, with respect to his plea agreement, it was read to him in Spanish in its entirety before he signed it. (*Id.* at 19) He went over all of the terms in the plea agreement with his attorney and his attorney answered all of his questions to his satisfaction before he signed it. (*Id.*) Movant stated he understood the plea agreement, agreed with everything in it, and it reflects all the promises or assurances made to him by his lawyer or the prosecutor. (*Id.* at 20) He acknowledged that neither his attorney nor anyone else made any promise or guarantee about what his sentence would be. (*Id.* at 21)

Movant's plea agreement was the typical "Fast Track Plea Agreement," commonly used in the District Court of Arizona, and consistent with the Attorney General's Early Disposition Program, which authorizes a further downward departure under Guideline § 5K3.1, for early resolution of illegal reentry cases. (CR doc. 20, ¶ 2(c) at 2) Movant could not, however, formally admit to a supervised release violation during the change of plea proceeding because the supervised release case had not yet been transferred from the Southern District of California. (CR doc. 30 at 23-26) Appropriately, Judge Metcalf discussed the terms of the favorable plea agreement pertaining to the supervised release violation in anticipation of the case being transferred to the District Court of Arizona. (*Id.*)

Judge Metcalf explained that, in exchange for admitting a Grade B violation of his supervised release, the disposition, frequently called a sentence, would not exceed the middle of the applicable policy statement range. (*Id.* at 25) Additionally, Judge Metcalf explained there was no agreement regarding whether the sentences for the new offense and the supervised release violation would run concurrently or consecutively. (*Id.*) Movant was then asked if he understood how the supervised release violation could affect the sentencing in this case, Movant responded, "Yes, Your Honor." (*Id.*) When Judge Metcalf specifically asked whether Movant understood the sentences could run concurrently or consecutively and explained the meaning of those terms, Movant responded, "Yes. Yes." (*Id.*)

Judge Metcalf informed Movant of the statutory maximum penalties for the offense to which Movant was pleading guilty and the range of imprisonment for a Grade B violation of Movant's supervised release. (CR doc. 30 at 29-30) Movant said he understood both. (*Id.* at 31) Movant further stated he spoke with his attorney about the United States Sentencing Guidelines ("Guidelines") and understood how they may apply to his case. (*Id.* at 32) When asked if he understood that by pleading guilty to the new illegal reentry offense, he was essentially admitting a violation of his supervised release, Movant answered, "Yes, Your Honor." (*Id.* at 36)

Judge Metcalf also explained to Movant the rights he would be giving up by pleading guilty. (*Id.* at 37-41) Movant said he understood those rights and wished to give them up and plead guilty. (*Id.*) When asked if he was pleading guilty voluntarily, Movant responded, "Yes, Your Honor." (*Id.* at 41) When asked if anyone threatened him or forced him in any way to plead guilty, Movant said, "No, Your Honor." (*Id.*) Judge Metcalf then asked Movant directly whether he committed the offense of Reentry of Removed Alien, to which Movant responded, "Yes, Your Honor." (*Id.* at 41-42) When asked how he pled to the charge of Reentry of Removed Alien, Movant responded, "Guilty, sir." (*Id.* at 48) Movant further stated that he was pleading guilty to the charge because he was, in fact, guilty of the offense. (*Id.* at 42)

Among the specific rights Movant agreed to give up pursuant to the plea agreement

was the right to appeal and collaterally attack the judgment and sentence in the case. (CR doc. 30 at 40) Judge Metcalf informed Movant that, by pleading guilty, he was giving up those rights and, as a result, Movant could not in the future attack the validity or correctness of his conviction or sentence. (*Id.*) Movant acknowledged he understood and agreed he was giving up those rights. (*Id.*) At the end of the change-of-plea proceeding, Judge Metcalf found Movant "knowingly, intelligently and voluntarily" entered his guilty plea, there was a factual basis for the plea, and Movant was competent to enter the plea, among other findings. (*Id.* at 48)

### B. Sentencing Hearing

The sentencing hearing was held before the Honorable James A. Teilborg, United States District Judge, on May 16, 2011. (CR doc. 26) Judge Teilborg accepted and adopted Judge Metcalf's findings and recommendations. (*Id.* at 3) He also accepted the Presentence Report writer's calculation of the applicable offense level and criminal history category under the Guidelines, determining the applicable Guidelines' sentencing range was 41 to 51 months. (*Id.* at 4-5) After hearing argument from counsel and a statement from Movant, Judge Teilborg sentenced Movant to 41 months in prison on the new charge, Reentry of Removed Alien. (*Id.* at 8)

Regarding the supervised release violation, Movant formally admitted the violation during the sentencing hearing. (*Id.* at 11-12) Judge Teilborg then revoked Movant's supervised release and imposed a sentence of 15 months in prison for the violation, ten of those months to run concurrently to the illegal reentry sentence and five months to run consecutively. (*Id.* at 16)

Following imposition of the sentence on the new charge and disposition of the supervised release violation, Judge Teilborg reminded Movant that, pursuant to Movant's plea agreement, Movant waived his right to appeal the sentence and disposition in these cases. (*Id.*) Movant acknowledged he signed the plea agreement voluntarily and, by doing so, Movant waived his right to appeal. (*Id.*) Judge Teilborg then found Movant knowingly and voluntarily waived his right to appeal. (*Id.*)

### C. Motion to Vacate

Movant did not file a direct appeal. (Doc. 4 at 2) On January 25, 2012, Movant filed a timely Motion to Vacate, Set Aside, or Correct Sentence ("Motion"), pursuant to 28 U.S.C. § 2255. (Doc. 1) Judge Teilborg denied the Motion with leave to amend because Movant failed to use the court-approved form. (Doc. 3) Movant then submitted a timely Amended Motion to Vacate, Set Aside or Correct Sentence ("Amended Motion") on April 6, 2012. (Doc. 4)[2] Movant asserts four grounds for relief in the Amended Motion: (1) the sentence imposed is in excess of the maximum term authorized by law; (2) his counsel, Assistant Federal Public Defender James Daniel Smith, provided ineffective assistance by coercing him to plead guilty, failing to argue for a lower sentence, and failing to raise Movant's serious substance abuse problem; (3) his "combined sentence of two years imprisonment is unreasonable"; and (4) his counsel provided ineffective assistance by failing to file an appeal and failing to object to the reasonableness of the sentence. Respondent filed its Response on September 14, 2012. (Doc. 10)[3] As noted above, Movant did not file a Reply.

## II. Analysis

Respondent first argues in its Response that Movant waived his right to appeal and collaterally attack his conviction and sentence when he pled guilty and entered into his plea agreement. (Doc. 10 at 6-7) Additionally, Respondent argues that to the extent the Court considers Movant's ineffective assistance of counsel claims as not being covered by the

---

[2] Even though the original Motion was filed in the underlying criminal case, CR 11-355-PHX-JAT, doc. 23, the Amended Motion was not filed in the criminal case and appears only on the docket of the civil case. (CV 12-170-PHX-JAT (LOA), doc. 4)

[3] The Response appears to respond to the original Motion, but not the Amended Motion. (*See*, *e.g.*, Doc. 10 at 2, 5, 7 and 12 (references and citations to Movant's original Motion without any acknowledgment of a subsequent Amended Motion)). Despite Respondent's clear oversight in failing to recognize and respond directly to the Amended Motion, the Court will consider the Response because Respondent's waiver defense applies equally to certain grounds for relief raised in the Amended Motion. Moreover, because Plaintiff's grounds for relief in the Amended Motion were, in large part, also raised in the original Motion, the arguments in the Response addressing those grounds for relief are still applicable.

- 6 -

waiver, any review of such claims should be very limited. (*Id.* at 7-8) Regardless of the waiver, Respondent asserts Movant is not entitled to relief on the merits of his claims. (*Id.* at 8-19)

**A. Waiver**

The Ninth Circuit Court of Appeals has recognized that there are "strict standards for waiver of constitutional rights." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1102 (9th Cir. 2005). It is impermissible to presume waiver from a silent record, and a district court must indulge every reasonable presumption against waiver of fundamental constitutional rights. *Id*.

Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). The right to collaterally challenge a conviction or sentence is statutory, and a knowing and voluntary waiver of a statutory right is enforceable. *United States v. Abarca*, 985 F.2d 1012, 1013-14 (9th Cir. 1993). To be enforceable as a bar to a collateral attack, a plea agreement must expressly waive the right to bring a § 2255 motion. *United States v. Nunez*, 223 F.3d 956, 958-59 (9th Cir. 2000); *Abarca*, 985 F.2d at 1013-14 (stating that movant's waiver executed in his plea agreement foreclosed him from challenging his sentence in a § 2255 motion); *United States v. Pruitt,* 32 F.3d 431, 432-33 (9th Cir. 1994) (finding that language in a plea agreement that the defendant "will not appeal whatever sentence is imposed by the court" did not constitute a waiver of the right to bring a § 2255 motion). The only claims that cannot be waived are claims that the plea or waiver itself was involuntary and ineffective assistance of counsel rendered the plea or waiver involuntary. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective-assistance-of-counsel claim that challenges the voluntariness of the waiver); *Pruitt*, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); *see also Jeronimo*, 398 F.3d at 1156 n. 4 (declining to decide

whether waiver of all § 2255 rights included ineffective-assistance-of-counsel claims implicating the voluntariness of the waiver).

However, "[c]ollateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea or the waiver] are waivable." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001); *see also Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits, the Eleventh Circuit held that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing."). A defendant's right to challenge any sentencing errors may be explicitly waived. *See, e.g., United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991). Where a waiver specifically includes the waiver of the right to appeal a sentence, then it also waives "the right to argue ineffective assistance of counsel at sentencing." *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000).

In the case at bar, Movant pled guilty pursuant to a written plea agreement which Judge Teilborg accepted. (Doc. 10, Exhs. 1; CR doc. 26 at 3) As part of his plea agreement, Movant made the following express and unambiguous waiver:

> Provided the defendant's sentence and disposition are consistent with this agreement, the defendant waives: (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information, or to the petition to revoke; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the Court's entry of judgment against defendant, or any aspect of the defendant's sentence or disposition, including the manner in which the sentence or disposition is determined, including but not limited to any appeals under 18 U.S.C. § 3742 and *motions under 28 U.S.C. §§ 2241 and 2255*. The defendant acknowledges that if the Court has sentenced the defendant and imposed disposition according to the terms of the agreement, this waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging his conviction, order of restitution of [sic] forfeiture, or sentence or disposition in this case.

(Doc. 10, Exh. 1 at 4-5) (emphasis added). After imposing the sentence, Judge Teilborg found Movant was sentenced in accordance with the terms of the plea agreement and, as a

- 8 -

result, waived his right to appeal and collaterally attack this matter. (Doc. 10, Exh. 2 at 3)

The undersigned Magistrate Judge finds Movant's written waiver of the right to seek collateral review and file a motion pursuant to 28 U.S.C. § 2255 was clear, express, and unequivocal. Movant indicated in his plea agreement that it was read to him in Spanish, he carefully reviewed every part of it with his attorney, he understood it and voluntarily agreed to it. (Doc. 10, Exh. 1 at 8). Moreover, as discussed above at the change-of-plea proceeding, when Judge Metcalf specifically addressed the waiver provision in open court, Movant said he understood and agreed with the waiver. (CR doc. 30 at 40) Having determined Movant voluntarily entered a valid waiver of his right to collaterally attack his conviction and sentence, the undersigned turns to the waiver's application to Movant's individual claims.

**1. Ground One**

Movant asserts in Ground One that his sentence is in excess of the maximum authorized by law. (Doc. 4 at 5) Movant offers no supporting facts or other information to substantiate his one-sentence claim. Additionally, in the "Supporting FACTS" section of Ground One, Movant raises an entirely different issue, claiming "[t]he Court did not address petitioner in open court and determine from his response that the plea was voluntary and not the result of force or coerced [sic] or promises not set forth in the plea agreement." (Doc. 4, ¶ (a) at 5) Movant further claims that a few days before the "sentence" hearing, his counsel told him "[t]he Government was offering consecutive sentences and that [Movant] did not have any other choice but to plea[d] guilty." (*Id.*) Movant claims his counsel further told him that if he did not take the deal, the Government would pursue the case to trial. (*Id.*) Although not clearly identified as claims, the undersigned will construe Movant's allegations as raising two claims challenging the voluntariness of his guilty plea.

The undersigned finds Movant's first claim in Ground One, his sentence exceeded the maximum authorized by law, is foreclosed by Movant's written waiver. This claim does not fall under the category of claims that cannot be waived, that is, whether the plea or waiver itself was involuntary or whether ineffective assistance of counsel rendered the plea or waiver involuntary. *See Lampert*, 422 F.3d at 871. Accordingly, Movant's knowing and

intelligent waiver of the right to seek review in a § 2255 motion precludes him from raising this issue. The Court will therefore recommend that this claim in Ground One be denied.

Regarding the remainder of Movant's claims in Ground One, Movant challenges the voluntariness of his guilty plea based on (1) the Court's alleged failure to determine the plea was voluntary, and (2) his counsel's advice that he had no choice but to plead guilty. The undersigned finds that, because claims challenging the voluntariness of his guilty plea cannot be waived, Movant's remaining claims in Ground One are not precluded by Movant's waiver and will be addressed on the merits in a subsequent section.

**2. Ground Two**

Movant alleges in Ground Two that his lawyer provided ineffective assistance by coercing Movant to plead guilty. (Doc. 4 at 6) Movant further contends that his lawyer failed to argue for a lower sentence and failed to raise Movant's serious substance abuse problem as a mitigating factor. (*Id.*)

The undersigned finds that, because Movant's first claim of ineffective assistance goes to the voluntariness of his guilty plea, it is not waived. *See Pruitt*, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain). The claim will be addressed on the merits in a subsequent section.

Regarding the remaining claims in Ground Two, Movant alleges that his lawyer provided ineffective assistance when he failed to argue for a lower sentence and failed to raise Movant's serious substance abuse problem. (Doc. 4 at 6) By waiving the right to challenge his sentence on collateral review, Movant necessarily waived his right to argue ineffective assistance of counsel regarding sentencing issues. *See Williams*, 396 F.3d at 1342 ("[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.") Accordingly, the undersigned will recommend the ineffective assistance claims in Ground Two challenging counsel's performance during the sentencing be denied.

### 3. Ground Three

Movant contends in Ground Three that his "combined sentence of two years imprisonment is unreasonable." (Doc. 4 at 7) He asserts that "[t]he statute governing sentencing . . . contain[s] an overarching provision instructing [the] district court to impose a sentence sufficient, but not greater than necessary to accomplish the goal of sentencing." (*Id.*)

The undersigned finds Movant's claim in Ground Three, *i.e.*, his sentence was unreasonable, is foreclosed by Movant's written waiver. This claim does not implicate the voluntariness of his guilty plea. Accordingly, Movant's knowing and intelligent waiver of the right to seek review in a § 2255 motion precludes him from raising this issue. The undersigned will therefore recommend Ground Three be denied.

### 4. Ground Four

In Ground Four, Movant contends his counsel provided ineffective assistance by failing to file an appeal and failing to object to the reasonableness of the sentence. As explained above in the section addressing Ground Two, by waiving the right to challenge his sentence on collateral review, Movant necessarily waived his right to argue ineffective assistance of counsel regarding sentencing issues. Also, Movant waived his right to file a direct appeal. Thus, any failure by his lawyer to file a direct appeal is of no consequence. Accordingly, Movant's claims of ineffective assistance in Ground Four are foreclosed by Movant's waiver. The undersigned will, therefore, recommend Ground Four be denied.

### B. Merits of Remaining Claims

As the above analysis reflects, two claims in Ground One and one claim in Ground Two are not covered by the waiver. Accordingly, the Court considers the merits of each.

### 1. Ground One

As stated above, although not clearly identified as claims, Movant's allegations in Ground One, which are not covered by the waiver, challenge the voluntariness of his guilty plea based on (1) the Court's alleged failure to determine the plea was voluntary, and (2) his counsel's advice that he had no choice but to plead guilty. Movant first alleges the Court,

presumably he is referring to Magistrate Judge Metcalf, failed to "address petitioner in open court and determine from his response that the plea was voluntary and not the result of force or coerced [sic] or promises not set forth in the plea agreement." (Doc. 4 at 5) Second, he alleges his counsel told him a few days before the sentencing hearing that the Government was offering consecutive sentences and Movant had no choice but to plead guilty. (*Id.*) He claims his counsel further told him if he did not take the deal, the Government would pursue the case to trial. (*Id.*)

A guilty plea violates the Due Process Clause if it is not knowingly and voluntarily made. *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). To determine the validity of a guilty plea, a court must ascertain whether the plea represented a voluntary and intelligent choice among alternative courses of action open to the defendant. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). A defendant's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining the voluntariness of a guilty plea. *United States v. Mims*, 928 F.2d 310, 313 (9th Cir. 1991); *United States v. Walker*, 160 F.3d 1078, 1096 (6th Cir. 1998) (holding that "a straightforward and simple 'Yes, your Honor' is sufficient to bind a Movant to [the] consequences [of a plea agreement]."). A district court may properly credit a defendant's testimony at a hearing regarding entry of a guilty plea over any subsequent declarations to the contrary. *See United States v. Castello*, 724 F.2d 813, 815 (9th Cir. 1984).

Movant's claims regarding the voluntariness of his guilty plea find no support in the record. As the above summary of the change-of-plea proceeding reflects, Judge Metcalf addressed Movant in open court regarding his plea agreement and asked numerous questions to ensure Movant's plea was voluntary. When Judge Metcalf directly asked Movant if he was pleading guilty voluntarily, Movant responded, "Yes, Your Honor." (CR doc. 30 at 41) When Movant was asked if anyone threatened or forced him in any way to plead guilty, he said, "No, Your Honor." (*Id.*) The change-of-plea proceeding is replete with responses by Movant, demonstrating he understood the consequences of pleading guilty and he did so voluntarily. The undersigned finds no factual support whatsoever for Movant's claim his

guilty plea was not voluntary made and will recommend that it be denied.

Regarding Movant's allegations of what his lawyer told him a few days before sentencing, the undersigned construes it as a claim of ineffective assistance that rendered his guilty plea involuntary. In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court established a two-part test for evaluating ineffective assistance of counsel claims. Under *Strickland*, a petitioner must show his counsel's performance was objectively deficient and counsel's deficient performance prejudiced the petitioner. *Strickland*, 466 U.S. at 687; *Hart v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999). To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. When reviewing counsel's performance, a court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Id.* "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689.

To establish prejudice, a petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998). A court may proceed directly to the prejudice prong without first addressing the deficient performance prong. *Jackson v. Calderon*, 211 F.3d 1148, 1155 n. 3 (9th Cir. 2000) (citing *Strickland*, 466 U.S. at 697). A court, however, may not assume prejudice solely from counsel's allegedly deficient performance. *Id.*, 211 F.3d at 1155.

The *Strickland* test applies to a defendant's challenge of his guilty plea based upon ineffective assistance of counsel. *Washington v. Lampert*, 422 F.3d 864, 872 (9th Cir. 2005) (citing *Hill v. Lockhart*, 474 U.S. 52 (1985)). In such a context, "the ineffectiveness inquiry probes whether the alleged ineffective assistance impinged on the [petitioner's] ability to enter an intelligent, knowing and voluntary plea of guilty." *Lambert v. Blodgett*, 393 F.3d 943, 980 (9th Cir. 2004).

Here, Movant's allegations fail to establish an ineffective-assistance-of-counsel claim. By way of context, Respondent's Sentencing Memorandum, submitted five days before the sentencing hearing, recommended that Judge Teilborg impose a sentence of fifteen months in prison for Movant's supervised release violation, to run consecutively to a sentence of 41 months for the illegal reentry offense. (Doc. 10, Exh. 4 at 3; CR doc. 17 at 3) Those recommendations were consistent with the recommendations in the Presentence Report ("PSR"). (*Id.*)

Even if Movant's counsel told him a few days before sentencing Respondent was offering consecutive sentences, he had no choice but to plead guilty, and Respondent would take the case to trial if he did not take the deal, Movant has not demonstrated how those statements show ineffective assistance or how they rendered his plea involuntary. Movant does not allege the statements were inaccurate and, based on the record, it appears the statements were accurate. Respondent was seeking consecutive sentences as reflected in its Sentencing Memorandum. If Movant were permitted to withdraw from the plea agreement, Movant's only other choice was, and Respondent would have pursued, a jury trial, and, if convicted, it is highly likely Movant would have received a much greater prison sentence. His sentence on the new charge would not have had the benefit of the downward departures for acceptance of responsibility and the Attorney General's Early Disposition Program, and, on the supervised release violation, there would not have been a cap on the disposition not exceeding the middle of the applicable policy statement range. Regarding the alleged statement by Movant's counsel that Movant "did not ha[ve] any other choice but to plea[d] guilty," counsel was likely explaining that going to trial was not a reasonable choice, given the PSR's sentencing recommendation was within the sentencing range provided for by Movant's fast-track plea agreement and Movant may not have been permitted to withdraw his guilty plea at that late stage so close to the sentencing date.[4] The undersigned finds that,

---

[4] It does not appear from review of the docket in CR-11-355-PHX-JAT that Judge Teilborg accepted Movant's guilty plea prior to sentencing. A defendant may withdraw a felony plea of guilty *before* a district judge accepts the plea for "any reason or no reason" or

on the sparse allegations supporting this claim, Movant has failed to demonstrate either deficient performance or prejudice. Accordingly, the undersigned will recommend Movant's ineffective assistance claim in Ground One be denied.

### 2. Ground Two

Finally, the undersigned considers Movant's claim in Ground Two that is not foreclosed by the guilty-plea waiver. Movant contends his lawyer provided ineffective assistance by coercing him to plead guilty. (Doc. 4 at 6) It is unclear whether this is a duplicate of Movant's ineffective assistance claim in Ground One because Movant presents nothing to support his one-sentence claim. (*See id.*) It is well-settled that "[c]onclusory allegations [of ineffective assistance of counsel] which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994); *see also Strickland*, 466 U.S. at 690 (a petitioner "making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment"). Movant's conclusory assertion, *i.e.*, his guilty plea was coerced by his lawyer, is unsupported by any facts and is, therefore, without merit. Importantly, the record belies Movant's claim his guilty plea was coerced by his lawyer. The change-of-plea proceeding, as summarized above, clearly demonstrates Movant was not coerced into pleading guilty. The undersigned will, therefore, recommend this claim be denied.

### III. Conclusion

Based on the findings herein, this Magistrate Judge concludes that a portion of Grounds One and Two, and all of Grounds Three and Four, are foreclosed by Movant's express waiver of collateral review in the plea agreement. The undersigned further concludes

---

*after* a district judge accepts the plea, but prior to sentencing, for a "fair and just reason." Federal Rules of Criminal Procedure 11(d)(1) and (2)(B). The decision to allow withdrawal of a plea under 11(d)(2)(B) is solely within the discretion of the district judge. *See United States v. Nostratis*, 321 F.3d 1206, 1208 (9th Cir. 2003). A defendant has the burden of showing a fair and just reason for withdrawal. *Id*. "A defendant cannot withdraw his plea because he realizes that his sentence will be higher than he had expected." *Id*. at 1211.

that those claims in Grounds One and Two that are not foreclosed by Movant's waiver are without merit. Accordingly, the undersigned Magistrate Judge will recommend the Amended Motion be denied.

**IT IS RECOMMENDED** that Movant's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, doc. 4, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Movant has not made a substantial showing of the denial of a constitutional right.

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 17th day of June, 2013.

Lawrence O. Anderson
United States Magistrate Judge